# JUDGE KARAS

07 CV 5605

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

CAR-FRESHNER CORPORATION and JULIUS
SÄMANN LTD.

         Plaintiffs,

   -against-

KOLE IMPORTS, INC.,

         Defendant.

-------------------------------------------------------------- x

**RECEIVED**

JUN 12 2007

U.S.D. F
CASHIERS

**COMPLAINT**

KMK

ECF CASE

Plaintiffs Car-Freshner Corporation and Julius Sämann Ltd., by their attorneys Cowan,

Liebowitz & Latman, P.C., for their complaint against defendant Kole Imports, Inc., allege as

follows:

## NATURE OF THE ACTION

1.  This action is for (i) trademark counterfeiting under Section 32(1) of the Lanham

Act of 1946, as amended, 15 U.S.C. § 1114; (ii) infringement of a registered trademark under

Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1114; (iii) use of false

designations of origin in commerce under Section 43(a) of the Lanham Act of 1946, as amended,

15 U.S.C. §1125(a); (iv) trademark dilution under Section 43(c) of the Lanham Act of 1946, as

amended, 15 U.S.C. §1125(c); (v) injury to Plaintiffs' business reputation and dilution of the

distinctive quality of Plaintiffs' marks under § 360-l of the New York General Business Law;

(vi) injury to Plaintiffs' and dilution of the distinctive quality of Plaintiffs' marks under

California Bus. & Prof. Code §14330; and (vi) common law unfair competition under the

common law of the States of New York and California.

## JURISDICTION AND VENUE

2.      This court has original jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This court has supplemental jurisdiction over the claims arising under the laws of the States of New York and California pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

4.      Plaintiff Car-Freshner Corporation ("CFC") is a Delaware corporation with a principal place of business at 21205 Little Tree Drive, Watertown, New York 13601-0719.

5.      Plaintiff Julius Sämann Ltd. ("JSL") is a Bermuda corporation with a place of business at Chancery Hall, 52 Reid Street, Hamilton HM12, Bermuda.  CFC and JSL are hereafter collectively referred to as "Plaintiffs."

6.      Upon information and belief, defendant Kole Imports, Inc. ("Kole") is a California corporation with a principal place of business at 24600 South Main Street, Carson, California 90745.

## FACTS RELEVANT TO ALL CLAIMS

### Plaintiffs' Tree Design Marks

7.      For more than 50 years, CFC and its predecessors-in-interest have manufactured, promoted, advertised and sold air fresheners in connection with the following design trademarks, used alone or in connection with other words or designs (collectively, "JSL Marks"):

    

8.　　The JSL Marks are owned by JSL and are licensed in the United States exclusively to CFC in connection with CFC's air fresheners.

9.　　The JSL Marks have been used in a variety of ways to identify Plaintiffs as the source of high quality air fresheners. Specifically, the JSL Marks appear on the packaging and advertising for Plaintiffs' products, and are both the background and featured graphic on virtually every page of the CFC website.

10.　　Additionally, the JSL Marks are used as the configuration of Plaintiffs' air fresheners, which are in the shape of the JSL Marks to reinforce the association between the JSL Marks and Plaintiffs' popular air fresheners.

11.　　Air fresheners offered in connection with the JSL Marks are available in a wide variety of colors and fragrances to satisfy the broadest consumer base possible. All colors and fragrances are united by the JSL Marks, which remind consumers of the source of these popular products.

12.　　JSL also licenses the JSL Marks to parties other than CFC for apparel, luggage and accessories, toys, housewares, stationary products, and sundry items.

13.　　Plaintiffs' air fresheners bearing the JSL Marks are also promoted in a variety of media, including on web sites located at www.little-trees.com, www.carfreshner.com, www.carfreshener.com, and www.car-freshner.com, television, magazines, printed promotional materials, and movies, as well as in a sponsorship of a NASCAR motor sports team.

3

14.     Plaintiffs' air fresheners bearing the JSL Marks are sold widely throughout the United States in a broad range of retail locations, including automotive stores, discount department stores, convenience stores, dollar stores, car washes and grocery stores.

15.     As a result of this widespread and longstanding use and promotion of the JSL Marks, Plaintiffs' air fresheners sold in connection with those marks in the United States have been a phenomenal commercial success, generating millions of dollars in sales each and every month for many years.  Total sales to date of air fresheners exceed one billion pieces.

16.     Plaintiffs' air fresheners bearing the JSL Marks have become a ubiquitous presence hanging from the rear view mirror of countless cars driven throughout the United States and serve as a constant reminder of Plaintiffs' reputation as the premier source of high quality air fresheners.

17.     As a result of this success, the quality of the products, and Plaintiffs' tireless use and promotion of the JSL Marks, the JSL Marks have acquired tremendous goodwill and secondary meaning among the consuming public.

18.     The JSL Marks have become famous among the general population and are widely known and recognized by the general consuming public in the United States as a designation of source identifying Plaintiffs.

19.     The JSL Marks are non-functional and serve as arbitrary source identifiers of the Plaintiffs and their highly regarded products.

20.     JSL is the owner and registrant of the following U.S. registrations for the JSL Marks:

| Mark | Reg. No. | Reg. Date | Goods |
|------|----------|-----------|-------|
| | 719,498 | August 08, 1961 | Absorbent Body Impregnated with a Perfumed Air Deodorant |
| | 1,131,617 | March 11, 1980 | Absorbent Body Impregnated with a Perfumed Air Deodorant |
| | 1,726,888 | October 27, 1992 | cleaning products; namely, residue and stain removers for automotive and home surfaces; automotive accessories |
| | 1,781,016 | July 13, 1993 | air freshener |
| | 1,791,233 | September 07, 1993 | air freshener |
| | 1,942,464 | December 19, 1995 | air fresheners |
| | 2,222,849 | February 09, 1999 | temporary tattoos, jackets, hats, shirts |
| | 2,741,364 | July 29, 2003 | Duffle bags and travel bags; Shirts, sweatshirts, t-shirts and caps; Stuffed toy animals |

5

All the foregoing registrations are valid and subsisting and, other than Registration No. 2,741,364, all have become incontestable.

**Defendant's Unlawful Activities**

21.    As described on its website, located at www.koleimports.com, defendant Kole is one of the country's "largest wholesale direct importers of dollar store merchandise." Kole's distribution is not, however, limited to dollar stores and extends to "all types of retail stores," including those that carry "higher-price-point items."

22.    Upon information and belief, Kole sells its merchandise to retail stores throughout the United States, including New York State and New York City. Upon information and belief, Kole at one time operated a showroom in New York City and also attends trade shows in this area, including the New York Merchandise Show, where it promotes and offers for sale its various products, including those at issue in this complaint.

23.    Plaintiffs have recently learned that Kole has sold and advertised and is selling and advertising air fresheners, designated "Classicscent Auto Air Freshener" and identified by Item No. CA277, bearing counterfeit copies of the JSL Marks ("Kole's Counterfeits"). The header card of the packaging for Kole's Counterfeits bears an exact copy of the JSL Marks and the air fresheners themselves are in the shape of the JSL Marks.  A copy of one of Kole's Counterfeits is attached hereto as Exhibit A.

24.    As shown below, Kole's Counterfeits are so similar to and visually indistinguishable from legitimate air fresheners bearing the JSL Marks as to be likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Kole's goods, and are likely to cause mistake, or to deceive the public and the trade, or to mislead the public into believing that such

products emanate from, are approved or sponsored by, or are in some way associated or connected with Plaintiffs.





Kole Counterfeit                              Plaintiffs' Product

25.    Upon information and belief, Kole has performed the aforementioned infringing acts in willful and deliberate violation of the Plaintiffs' trademark rights and in an intentional effort to trade upon the goodwill associated with the JSL Marks.

26.    Kole's unlawful activity as described above also dilutes and impairs the distinctive quality of the JSL Marks and injures Plaintiffs' reputation as the source of high quality air fresheners.

27.    Upon information and belief, by virtue of its unlawful conduct, Kole has made substantial profits and gains to which it is not in law or equity entitled.

28.    As a result of the foregoing, Plaintiffs have been damaged and have suffered, and continue to suffer, immediate and irreparable injury for which they have no adequate remedy at law.

## COUNT I - FEDERAL TRADEMARK COUNTERFEITING

29.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 above with the same force and effect as if set forth fully herein.

30.    Kole's activities as described above constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31.    Plaintiffs have no adequate remedy at law.

7

## COUNT II -- INFRINGEMENT OF REGISTERED TRADEMARK

32.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 31 above as if fully set forth herein.

33.    Kole's activities as described above constitute infringement of the registered JSL Marks in violation of Section 32(1) of the Lanham Act of 1946, as amended (15 U.S.C. §1114(1)).

34.    Plaintiffs have no adequate remedy at law.

## COUNT III --  FALSE DESIGNATION OF ORIGIN

35.    Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 34 of the complaint above.

36.    Kole's activities as described above constitute the use of false designations of origin in commerce, in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. §1125(a)).

37.    Plaintiffs have no adequate remedy at law.

## COUNT IV -- FEDERAL TRADEMARK DILUTION

38.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 37 above as if fully set forth herein.

39.    The JSL Marks are distinctive and famous, and have enjoyed such distinction and fame since long before the time of Kole's unlawful activities as described above.

40.    Kole's activities as described above constitute dilution of the distinctive quality of the JSL Marks in violation of Section 43(c) of the Lanham Act of 1946, as amended (15 U.S.C. §1125(c)).

41.    Plaintiffs have no adequate remedy at law.

27116/000/790146.2

## COUNT V – NEW YORK STATE DILUTION

42.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 41 above as if fully set forth herein.

43.    The JSL Marks are distinctive and famous, and have enjoyed such distinction and fame since long before the time of Kole's unlawful activities described above.

44.    Kole's activities as described above blur the source-identifying capacity of the JSL Marks, resulting in a likelihood of dilution of the distinctive quality of JSL Marks.

45.    Kole's activities as described above constitute injury to Plaintiffs' business reputation and dilution of the distinctive quality of the JSL Marks in violation of Section 360-l of the New York General Business Law.

46.    Plaintiffs have no adequate remedy at law.

## COUNT VI – CALIFORNIA STATE DILUTION

47.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 46 above as if fully set forth herein.

48.    Kole's use of the JSL Marks is likely to cause injury to Plaintiffs' business and/or dilute the distinctive quality of the JSL Marks in violation California Bus. & Prof. Code §14330.

49.    Plaintiffs have no adequate remedy at law.

## COUNT VII – COMMON LAW UNFAIR COMPETITION

50.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 49 above as if fully set forth herein.

51.    Kole's activities as described above constitute unfair competition under the common law of the States of New York and California.

52.    Plaintiffs have no adequate remedy at law.

27116/000/790146.2

WHEREFORE, Plaintiffs demand judgment against Kole as follows:

A.    That Kole, its agents, servants, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently from using the JSL Marks or any other mark confusingly similar thereto in connection with the manufacture, procurement, advertising, promotion, distribution or sale of any product or service or committing any other act calculated or likely to cause the public to believe that Kole is in any manner connected, affiliated or associated with Plaintiffs, or from otherwise competing unfairly with Plaintiffs.

B.    Pursuant to 15 U.S.C. § 1118, that Kole deliver to Plaintiffs for destruction all its materials bearing the JSL Marks or any other mark confusingly similar thereto (including all products, packaging, raw materials and promotional materials), and remove all references to Kole's Counterfeits from any website within its possession, custody or control.

C.    Pursuant to 15 U.S.C. § 1116(a), that Kole be directed to file with the Court and serve upon Plaintiffs, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in paragraphs A and B above.

D.    Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Kole an amount reflecting Plaintiffs' damages and/or Defendant's profits, arising from Kole's infringing acts, such damages to be trebled pursuant to 15 U.S.C. § 1117(a) by reason of the willfulness of Kole's conduct.

27116/000/790146.2

E.      Pursuant to 15 U.S.C. § 1117(b) and (c), that Plaintiffs recover from Kole three

times Kole's profits or Plaintiffs' damages, whichever is greater, arising from Kole's acts of

counterfeiting, as well as prejudgment interest, or in the alternative, statutory damages in the

amount of $1,000,000 for willful counterfeiting.

F.      Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Kole their attorneys'

fees and the costs of this civil action.

G.      That Plaintiffs have such other and further relief as the Court deems equitable,

just and proper.

Dated: New York, New York
        June 12, 2007

                                        COWAN, LIEBOWITZ & LATMAN, P.C.
                                        Attorneys For Plaintiffs

                                        By: _____
                                            Jonathan Z. King (JK-1915)
                                            Mary L. Keylin (MK-0951)
                                        1133 Avenue of the Americas
                                        New York, NY 10036-6799
                                        (212) 790-9200

11

Exhibit A





**classic**scents

# Auto Freshener
## lemon

<u>Fresh as a breeze</u> Air fresheners are made from ingredients carefully selected to produce exquisite fragrance blends. Air fresheners are unique in their quick, powerful and long lasting effectiveness. Hang freely avoid any surfaces.



### AN AMERICAN COMPANY



Package and Product Designed in the U.S.A.
MADE IN CHINA



PLEASE
RECYCLE

ITEM NO. CA277

7 31015 12434 3

MADE IN CHINA

